**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| IN RE: KENNETH DAVIS | CASE NO. 10-51116-KMS |
| DEBTOR | CHAPTER 7 |
| BARRY KNESEL | PLAINTIFF |
| VS. | ADV. PROC. NO. 10-05046-KMS |
| KENNETH DAVIS | DEFENDANT |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO STRIKE PLEADINGS**
**AND DISMISS ADVERSARY WITH PREJUDICE**

This matter came on for hearing on April 28, 2011, (the "Hearing") on the Motion to Strike Pleadings And Dismiss Adversary, With Prejudice (the "Motion") (Dkt. No. 25) filed by Kenneth Davis ("Davis"), the defendant in the above-captioned adversary proceeding, and the Opposition to the Motion to Strike (the "Opposition") filed by the plaintiff in this adversary matter, Barry Knesel ("Knesel"). At the Hearing, David Lord appeared on behalf of Davis, and John Jopling ("Jopling") appeared on behalf of Knesel; counsel for both parties presented arguments, and the Court issued a ruling from the bench. The Court herein provides written reasons supplementing and supporting its judgment for the benefit of the parties. For the reasons set forth below and for the reasons stated in open court during the Hearing, Davis's Motion is **DENIED**.

**I. JURISDICTION**

The Court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A),(I), and (J).

## II. BACKGROUND

In his pleadings, Knesel represents that he is one of Davis's creditors by virtue of a default judgment for $22,763, plus interest and legal fees, which he secured against Davis in Mississippi state court on April 8, 2010. Knesel explains that the state court lawsuit was based on a breach of contract claim and a claim of civil fraud arising out of a home construction project. (Dkt. No. 1 at 2).

On May 14, 2010, Davis filed a petition in this Court seeking relief under Chapter 7 of the United States Bankruptcy Code. See In re Davis, Case No. 10-51116-KMS, Dkt. No. 1. On August 16, 2010, Knesel initiated a related adversary matter, seeking a determination that Davis's obligation to pay the aforementioned Mississippi state court default judgment was nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). (Dkt. No. 1). Section 523(a)(2)(A) provides that an individual debt for money, property, services, etc., obtained by false pretenses, a false representation or actual fraud will not be discharged through the bankruptcy proceedings.

At the end of Knesel's adversary complaint, after the words "Respectfully submitted," two names, along with corresponding contact information, appear as follows:

> By: /s/ Douglas C. Proxmire
> Douglas C. Proxmire
> Patton Boggs, LLP
> 2550 M Street, NW
> Washington, DC 20037
> Telephone: (202) 457-6464
> Facsimile: (202) 457-6482
> (Practicing pursuant to a Certificate of Participation, Mississippi Bar, Certified 12/29/2008)
>
> John Jopling
> Mississippi Center for Justice
> 974 Division St.
> Biloxi, MS 39530

     Telphone: (228) 435-7284
     Facsimile: (228) 435-7285

     Attorneys for Plaintiff
     BARRY KNESEL

(Dkt. No. 1 at 7-8). The Court specifically notes that in the above quoted text only Douglas C. Proxmire's name is preceded by a "/s/." Id.

  Davis filed an answer to Knesel's adversary complaint on September 20, 2010. (Dkt. No. 8). A scheduling order for the adversary case was entered on the same day. Discovery was initially to be completed by December 20, 2010. At the request of both of the parties, the discovery deadline was reset first to February 3, 2011, and then to June 29, 2011. (Dkt. Nos. 11 and 24). In short, the record indicates that since the inception of this adversary proceeding nine months ago, the parties have been in active communication with each other.

  On April 1, 2011, Davis filed the pending Motion, arguing, in summary, that the adversary complaint filed by Knesel "is void and without standing in law," and that it should be "stricken" from the record because at the time of the filing of the complaint no attorney "referred to in" the complaint was properly admitted to practice before this Court or the United States District Court for the Southern District of Mississippi (the "district court"). (Dkt. No. 25). Since the deadline for filing a complaint objecting to the discharge of a debt has passed, Davis contends that the aforementioned error cannot be remedied, *i.e.*, that Knesel cannot file a new complaint signed by an attorney duly admitted to practice before this Court. Thus, Davis concludes the Court must dismiss or strike the existing adversary complaint and, consequently, find that the underlying debt is discharged. Id.

The only two attorneys identified in Knesel's adversary complaint were Jopling and Douglas C. Proxmire ("Proxmire"). As noted above, their names appear at the end of the complaint in the space traditionally reserved for signatures. While Davis's Motion attacks both Jopling's and Proxmire's authority to practice in this Court, the bulk of the arguments are focused on Proxmire; Davis refers to Jopling merely as the "putative co-Counsel." Id. at 2. Davis notes that Proxmire is an attorney working at the Washington D.C. office of Patton Boggs, LLP, and that Proxmire represents that he is authorized to practice in this Court by virtue of a "Certificate of Participation" issued by the Mississippi Bar under the authority of Rule 46(f) of the Mississippi Rules of Appellate Procedure, which is entitled "Pro Bono Publicus Attorneys." Davis argues that this rule has no bearing on admission before this Court or the district court.

In the Motion, Davis also asserts there are several other issues regarding Knesal's counsel. Specifically, Davis states that neither Jopling nor Proxmire filed a Notice of Appearance in this adversary proceeding. Additionally, Davis notes that Proxmire filed a Motion for Admission Pro Hoc Vice on behalf of two of his Washington D.C. associates, although, according to Davis, Proxmire himself is not admitted to practice in this Court.[1] (Dkt. Nos. 15 and 16).

In his Opposition to Davis's Motion, Knesel first addresses Jopling's status before this Court. Knesel represents that Jopling is the Managing Attorney at the Mississippi Center for Justice, a member in good standing with the Mississippi State Bar and an attorney admitted to practice before the district court. (Dkt. No. 30). Citing 28 U.S.C. § 157, Knessel asserts: "[a]s the Mississippi Bankruptcy Local Rules do not provide any independent or superseding basis for

---

[1]Interestingly, Davis did not object to the Pro Hac Vice Motions.

resident attorney admission, admission to the [district court] is de facto admission to the pertinent U.S. Bankruptcy Court." Id. at 3. Accordingly, Knesel argues that the placement of Jopling's name on Knesel's adversary complaint is evidence that an attorney qualified to practice in this Court signed that pleading.

In regard to Proxmire's status, Knesel argues that the Uniform Local Rules of the United States Bankruptcy Courts for the Northern and Southern Districts of Mississippi ("Local Rules") indicate that Proxmire's "Certificate of Participation,"[2] which he received from the Mississippi Bar under the authority of Rule 46(f) of the Mississippi Rules of Appellate Procedure ("Rule 46(f)"), is sufficient to authorize Proxmire to practice before this Court. Rule 46(f) appears to authorize attorneys not otherwise certified to practice law in Mississippi to practice law in Mississippi's state courts in cases where they are serving a client *pro bono* under the supervision of a Mississippi qualified legal services provider. Knesel represents that this rule was adopted by the Mississippi Supreme Court after Hurricane Katrina ravaged the Gulf Coast in an effort to ensure that each potential litigant had access to legal counsel. In the body of his argument, Knesel notes that the Local Rules do not contain an explicit rule regarding general admission to practice before this Court. He further asserts that the Local Rule regarding *pro hac vice* admission indicates that lawyers who are "authorized to practice before the Mississippi Supreme Court" need not abide by the terms of that rule, implicitly signaling that they may, without more, practice before this Court. See id. at 5-6; Local Rule 9010-1(b)(1).[3]

---

[2]Knesel has attached the above-referenced Certificate of Participation to the Opposition as an Exhibit. (Dkt. No. 30, Ex. B). The Certificate states that the Mississippi Bar certifies that Proxmire has satisfied the requirements set forth in Rule 46(f) of the Mississippi Rules of Appellate Procedure regarding Pro Bono Publicus Attorneys. It is signed by Adam Kilgore, general counsel for the Mississippi Bar. The Court also notes that during the Hearing Jopling stated that he was serving as co-counsel with Proxmire in this adversary matter as Rule 46(f), *supra*, requires.
[3]Local Rule 9010-1(b)(1), in pertinent part, states:

Knesel also argues that under the terms of Rule 12(b) and (h) of the Federal Rules of Civil Procedure, as adopted through Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Rules"), Davis has waived his right to point out any defects in Knesel's adversary complaint by failing to identify them in his responsive pleading. Rule 12(b), *supra*, generally provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Rule 12(h), *supra*, explains that under certain circumstances certain defenses are waived if a party fails to include them in a responsive pleading.

Finally, citing extra-circuit case law, Knesel argues that courts broadly recognize that the dismissal of a complaint is an extreme remedy that should be avoided if at all possible. Knesel asserts that Davis has been actively engaged in pre-trial litigation for months and that he is well aware of the issues. Knesel argues that if his adversary complaint is indeed rendered void for lack of proper attorney certification, allowing Knesel to amend the document rather than striking the document would not prejudice Davis and would secure a more just result.

---

> A non-resident attorney who is not a member of the Mississippi Bar and ***is not authorized to practice before the Mississippi Supreme Court*** and is not admitted to practice in the United States District Courts for the Northern or Southern Districts of Mississippi may apply to be admitted pro hac vice by comity to practice in a particular civil action in the court upon compliance with the following conditions . . .

(Emphasis added).

### III. DISCUSSION

**A. Rule 9010 and Rule 9011 Standards.**

Davis's arguments are primarily governed by Rules 9010 and 9011. In pertinent part, these rules state:

> Rule 9010(a).
> A . . . creditor . . . may . . . appear in a case under the Code . . . by an attorney authorized to practice in the court . . . .
>
> Rule 9011(a).
> Every petition, pleading, written motion, and other paper . . . shall be signed by at least one attorney of record in the attorney's individual name . . . Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

Fed. R. Bankr. P. 9010 and 9011. These rules, when read together, plainly require that pleadings and most other forms of documentation[4] submitted by a party who is represented by an attorney or attorneys must be signed at least one of the party's attorneys, and that the signing attorney must be authorized to practice in this Court. See A&B Sales Unlimited, Inc. v. Fleischer, No. 92-2220, 1993 WL 337741, at *2 (6th Cir. Aug. 31, 1993) ("To read Rule 9011 to allow attorneys not authorized to practice before the court to initiate proceedings and file pleadings would be to disregard the express language of Rule 9010"). As Rule 9011 states, any paper that does not comport with this requirement will be stricken, unless the omission of a qualifying signature is corrected promptly after being called to the attention of the relevant attorney or party.

Given this governing standard, the Court must consider: (1) who, if anyone, signed Knesel's adversary complaint, (2) whether at least one of the signors, if any, is admitted to

---

[4] Rule 9011 specifically exempts the following documents from the signature requirement described therein: a list, schedule, or statement, or amendments thereto.

practice before this Court, (3) and if the adversary complaint was not signed by a member of the bar of this Court, may Knesel take advantage of the remedial section of Rule 9011 or must this Court strike the adversary complaint. These issues will be addressed *in seriatim*.

**B. Signatures on Knesel's Adversary Complaint.**

Rule 5005-1(a)(2)(A) of the Local Rules states that, subject to a limited number of inapplicable exceptions, all documents submitted in all cases in this Court shall be filed electronically and signed by electronic means in compliance with the Administrative Procedures for Electronic Case Filing established by the Southern District of Mississippi ("APECF"). Section 3(D) of the APECF explains that a document requiring an attorney's signature shall be signed in the following manner: "s/Jane Doe". See APECF § (3)(D)(1). When a document bears the signature of two or more attorneys, the document must indicate each signatory in the following manner: "s/Jane Doe," "s/John Doe," etc. See id. at § (3)(D)(3)(b).[5]

The text following the body of Knesel's adversary complaint is quoted in the background section of this opinion. (Dkt. No. 1 at 7). Under the standards outlined in the paragraph above, the Court finds that while two names, Douglas Proxmire and John Jopling, appear in the last section of the complaint, only Proxmire signed the complaint. A "s/" mark appears in front of Proxmire's name, but not Jopling's name. Id.

**C. Admission to Practice Law Before This Court.**

Since the Court has determined that Proxmire was the only attorney to sign Knesel's adversary complaint, the Court must now determine whether Proxmire is authorized to practice

---

[5]This rule also states that if multiple attorneys are required to sign a document, each attorney required to sign the document, other than the attorney filing it electronically, shall file a "Notice of Endorsement" form within five (5) business days. See APECF § (3)(D)(3)(d). No Notice of Endorsement form has been filed in this matter.

law in this Court. In the Opposition, Knesel acknowledges that Proxmire has not satisfied this Court's requirements for *pro hac vice* admission, but Knesel has suggested that Proxmire may otherwise be qualified to practice before this Court.

As Knesel correctly points out, the current version of the Local Rules does not explicitly address the requirements that must be satisfied for an attorney to be generally admitted to practice in this Court.[6] (Dkt. No. 30 at 5). Instead, the current version of the rules appears to presume that every attorney has an innate knowledge and understanding of the following principles. First, each bankruptcy court is a unit of a United States District Court. See 28 U.S.C. § 151.[7] Thus, this Court is a unit of the United States District Court for the Southern District of Mississippi. Accordingly, in order to qualify to practice in this Court, an attorney must satisfy the requirements for admission to practice in the district court.

One additional, permissible method exists to gain authorization to practice in this Court. An attorney may comply with the requirements for *pro hac vice* admission set out in Local Rule 9010-1(b)(1).

This court has verified that Proxmire is not a member of the bar of the district court. Furthermore, Proxmire has not argued that he has complied with the admission rules for that court. See Local Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, Rule 83.1. Neither has Proxmire complied

---

[6] In prior years, the Local Rules of this Court expressly stated that in order to qualify to practice in this Court, an attorney had to satisfy the requirements for admission in the district court. See Local Rule 2 (eff. July 1989) (available in the clerk's office) ("The admission and conduct of attorneys [in the bankruptcy court] is regulated by Rule 1, Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi."). However, the most recent iteration of the Local Rules has eliminated this simple, clear explanation of this Court's general admission principles.

[7] In pertinent part, 28 U.S.C. § 151 states "[i]n each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district . . . ."

with the requirements for *pro hac vice* admission under this Court's Local Rules. Therefore, Proxmire is not authorized to practice law in this Court. Accordingly, Proxmire's signature on Knesel's adversary complaint does not satisfy the requirements of Rule 9011.

**D. The Remedial Section of Rule 9011.**

The primary issue which remains to be addressed is whether or not Knesel may utilize the remedial clause of Rule 9011 to prevent his adversary complaint from being stricken from the record. Again, that clause states "an unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Rule 9011.

This Court has concluded that it is reasonable to find that under Rule 9011, the problem with the signature on Knesel's adversary complaint was not sufficiently called to the attention of Knesel or Proxmire until the Hearing on April 28, 2011, when the Court clarified the law regarding admission to practice in this Court. In this case, there is just enough ambiguity and vagueness in the relevant rules to merit such a finding. In particular, the Court would once again emphasize the absence of an explicit statement in the Local Rules regarding the requirements for general admission to practice before this Court. Accordingly, at the Hearing, the Court directed[8] Knesel to take prompt[9] remedial action in regard to the adversary complaint.[10]

However, this is not the end of the matter. Davis has asserted that there is another impediment to correcting the Rule 9011 error on Knesel's adversary complaint. As noted

---

[8] The Court's order included, but was not limited to, leave to file an amended complaint. See Fed. R. Bankr. Proc. 7015; Fed. Rule Civ. Proc. 15(a)(2).

[9] The Court ordered Knesel to address the signature issue in regard to the adversary complaint within five business days of the Hearing.

[10] On May 5, 2011, Knesal filed an Amended Complaint signed by John Jopling. (Dkt. No. 34).

previously, according to Davis, Knesel's existing adversary complaint is currently void, and no new or substituted complaint can be filed since the deadline for filing an objection to discharge has passed.[11]

Davis's arguments on this point must be rejected. First, Davis's assertion that Knesel's existing adversary complaint is currently void directly contradicts Rule 9011, which states that such a pleading is only void or stricken if the omission of a valid signature is not remedied promptly.[12] Second, Davis's arguments assume that in order to rehabilitate Knesel's adversary complaint, a new or amended adversary complaint must be filed bearing the signature of an attorney properly authorized to practice in this Court. That is not necessarily true. If, within the time frame set by the Court, Proxmire successfully applies for *pro hac vice* admission in this Court or satisfies the requirements for admission to practice in the district court, Knesel's original complaint can be considered to be signed by at least one attorney properly authorized to practice in this Court in accord with the terms of Rules 9010 and 9011, and thus the original complaint would not need to be amended or refiled.

---

[11] Rule 4007 states that a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a). The relevant, underlying bankruptcy case is In re Kenneth Davis, 10-51116-KMS, filed on May 14, 2010. In that case, the first date set for the meeting of creditors under section 341(a) was June 15, 2010. Accordingly, the deadline to file an objection to discharge was Monday, August 16, 2010, as set out in the Notice of Meeting of Creditors. (Case No. 10-51116-KMS, Dkt. No. 6).

[12] "Rule 9011, being derived from Rule 11 of the Federal Rules of Civil Procedure, is to be interpreted consistently therewith." In re Koliba, 338 B.R. 39, 45 (Bankr. N.D. Ohio 2006) (citing In re Coones Ranch, Inc., 7 F.3d 740, 743 n.4 (8th Cir. 1993)). With regard to Rule 11, the Supreme Court has emphasized that the rule:

> [W]as formulated and should be applied as a cohesive whole. So understood, the signature requirement and the cure for an initial failure to meet the requirement go hand in hand. The remedy for a signature omission, in other words, is part and parcel of the requirement itself.

Becker v. Montgomery, 532 U.S. 757, 765, 121 S.Ct. 1801, 1806 (2001).

Furthermore, even if Knesel chooses to remedy the Rule 9011 problem by filing an amended adversary complaint, presumably with the properly marked digital signature of Jopling, an attorney admitted to the bar of the district court and, consequently, the bar of this Court, this action would not be barred by the passage of the deadline for filing an objection to discharge. Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure, applicable in these proceedings by virtue of Bankruptcy Rule 7015, states:

> An amendment to a pleading relates back to the date of the original pleading when:
> . . . .
> The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading . . .

If Knesel attempts to file an amended adversary complaint which changes only the signature line of the original adversary complaint, such an amendment would assert claims which were "attempted to be set out in the original pleading," thus directly invoking the terms of the rule quoted above. Fed. Rule Civ. Proc. 15(c)(1)(B). Accordingly, such an amendment would relate back to the date of the filing of the original adversary pleading. Since, the original adversary pleading was filed before the deadline passed for filing objections to discharge, on August 16, 2010, the amended pleading would also be considered timely filed.

### E. Remaining Issues.

#### 1. Motions for Admission Pro Hac Vice.

As Davis notes, the record shows that Proxmire filed an application for *pro hac vice* admission on behalf of two of Proxmire's Washington D.C. associates. (Dkt. Nos. 15 and 16). Since Proxmire currently is not authorized to practice in this Court, these documents will be

stricken unless they are amended or refiled with the signature of an attorney admitted to practice in this Court within the time frame established by the Court.

### 2. Notices of Appearance.

As part of his broader arguments, Davis has noted that Proxmire and Jopling never filed a Notice of Appearance announcing their representation of Knesel to the Court. Rule 9010(b), in relevant part, states:

> An attorney appearing for a party in a case under the [Bankruptcy Code] shall file a notice of appearance with the attorney's name, office address and telephone number, *unless the attorney's appearance is otherwise noted in the record*.

(Emphasis added). As the terms of this rule clearly indicate, a notice of appearance need not be filed if an attorney's appearance is otherwise sufficiently noted in the record. Despite the problems discussed herein with the listing of Jopling's and Proxmire's names and addresses at the end of Knesel's adversary complaint, this information, in the form presented, notified the Court of Jopling's and Proxmire's intent to appear on behalf of Knesel and provided the Court with their contact information. This is sufficient to satisfy the requirements of Rule 9010(b), negating the need for a separate notice of appearance to be filed.

### 3. Waiver.

Finally, the Court must briefly address Knesel's argument that Davis waived his right to point out the Rule 9011 defects in Knesel's complaint when he failed to raise this issue in his answer to the complaint. Knesel supports the waiver argument by citing to Rule 12(h)(1)(B)(ii) of the Federal Rules of Civil Procedure ("Rule 12") as adopted by Bankruptcy Rule 7012. Although selectively quoted in Knesel's Opposition, Rule 12(h)(1)(B)(ii), when read in full, states only that a party waives the specific defenses listed in Rule 12(b)(2)-(5) (*i.e.* lack of

personal jurisdiction, improper venue, insufficient process and insufficient service of process) if they are not included in a responsive pleading. Rule 9011 defects are not included in this list of waivable defenses.

### IV. CONCLUSION

The Court has carefully considered Davis's Motion, which asserts that the adversary complaint in the above-captioned matter is currently void, and that, consequently, the debt at issue in this case must be immediately discharged because the complaint was not signed by an attorney authorized to practice in this Court. The Court finds that Rules 9010 and 9011 govern the issues raised by the Motion. Under the terms of these Rules, Davis's Motion must be denied. While the Court finds that the attorney who signed the adversary complaint and two motions for *pro hac vice* admission is not authorized to practice in this Court, Rule 9011 states that Knesel must be given an opportunity to remedy these errors before the adversary complaint and the *pro hac vice* motions signed by Proxmire are stricken.

Therefore;

**IT IS ORDERED** that Davis's Motion (Dkt. No. 25) is **DENIED**, and

**IT IS FURTHER ORDERED**, that Knesel must correct the Rule 9011 errors discussed herein within fourteen (14) days of the entry of this order.

**SO ORDERED.**

*/s/ Katharine M. Samson*
Katharine M. Samson
United States Bankruptcy Judge
Dated: May 10, 2011